## Janitor Jim, Inc. v. Munson

*Joseph A. Yochim,* for plaintiff.
*Robert J. Kelleher,* for defendant.

NYGAARD, *J.,* April 14, 1983—1. Plaintiff, Janitor Jim, Inc., is a Pennsylvania corporation. Its principal and registered office is 3363 West Lake Road, Erie, Pa.

2. Defendant, Scott A. Munson, is an individual residing at 361 East Lakeview Boulevard, Erie, Pa.

3. The nature of the business of plaintiff is professional commercial janitorial services.

4. On September 17. 1977, defendant was first hired as an employee of Janitor Jim, Inc.

5. On March 31, 1978, defendant's duties changed in that he was performing functions for plaintiff which entailed soliciting sales for his employer together with cleaning duties.

6. On June 1, 1978, defendant employee was given group health insurance benefits and the application prepared by plaintiff indicated that defendant on this date was manager of Specialty Services.

7. In June or July of 1978, plaintiff furnished business cards to defendant for the use in promoting plaintiff's business and the cards recited that defendant employee was manager of specialty cleaning.

8. On or about January 1, 1978, defendant's hourly rate of pay was $4 per hour and this hourly rate did not change during the year 1978.

9. On September 7, 1978, defendant was promoted to the position of manager of Specialty Sales and Cleaning Division of Janitor Jim, Inc., which entailed soliciting sales for Janitor Jim, Inc.

10. On September 7, 1978, defendant and plaintiff signed and entered into an employment contract which contained inter alia, a restrictive covenant of non-competition.

11. Defendant received pursuant to the September 7, 1978 contract a minimum guaranteed salary, commissions on sales, full-time use of a company vehicle, expense money and a disability contract.

12. Defendant was fully aware of the restrictive covenant not to compete set forth in the employment agreement which reads as follows:

"10. Employee agrees that on the termination of his employment with Employer for any cause whatsoever, whether it be resignation or dismissal, he will not, directly or indirectly, engage in the same or similar competitive line of business now carried on by Employer, nor will he engage to work in any capacity for any individual, firm or corporation engaged in a line or occupation similar to Employer's business, in any County of any State in which Employer is engaged in business at the time of the termination of Employer's employment, and for a period of three (3) years from the said termination of his employment."

13. Defendant thereafter was given access to all customer files of Janitor Jim, Inc., while employed by plaintiff.

14. Defendant was given specialized training in sales techniques by Janitor Jim, Inc., and was given financial and other information of the inner working of plaintiff's business for purposes of preparing and presenting cleaning bids to Janitor Jim, Inc. customers.

15. Defendant's employment with Janitor Jim, Inc. terminated on November 13, 1981.

16. On October 23, 1982, defendant commenced his employment with Bonded Maintenance Corporation of Erie as a salesman.

17. Since October 23, 1982, defendant has worked as a salesman for Bonded Maintenance Corporation.

## DISCUSSION

Plaintiff (Janitor) commenced an action in equity to secure an injunction against defendant (Munson). Janitor sued to enjoin Munson from violating a restrictive covenant contained in a contract of employment between the parties, dated September 7, 1978. There is no question that Munson obtained employment with a competitor of plaintiff in engaging in the same line of work, in the same geographic area as plaintiff, and within the prohibited time. This is a violation of the covenant contained in the contract.

The significant issue for determination by the court is whether or not there is adequate consideration for the new contract which contained the covenant not to compete. The court has concluded that it has.

Under Pennsylvania law, the prerequisites necessary for the enforcement of a restrictive covenant are that the covenant must:

1. Be ancillary to a contract of employment;
2. Be supported by adequate consideration; and
3. Be reasonably limited in both time and territory. Piercing Pagoda, Inc. v. Hoffner, 465 Pa. 500, 351 A.2d 207 (1976); Maintenance Specialties v. Gottus, 455 Pa. 327, 314 A.2d 279 (1974).

In this case, the first and second requirements are met. While defendant did not receive new employment as a result of the contract, he did receive a change in employment status as a benefit to him. Thereafter, he was compensated by a minimum base salary plus a commission on sales. He also re-

ceived a full time use of a company vehicle and a policy of disability insurance. Furthermore, he received an elevation in status of his employment from a mere cleaning employee to a position in which he could gradually develop a management focus rather than a strictly functionary cleaning job. Thus, the first and second requirements of a valid and enforceable restrictive covenant are met.

The court is also convinced that the covenant is reasonably restricted with respect to time and territory. The restrictive covenant is limited to three years from the termination of employment and covers the geographical areas of any county of any state in which Janitor is engaged in business at the time of employment termination. The areas of coverage are Erie, Crawford and Warren Counties in Pennsylvania; Chautauqua County in New York; and Conneaut County in Ohio.

Case law in Pennsylvania has upheld covenants not to compete of up to five years. Bolt Machinery & Toole, Inc. v. Wallace, 469 Pa. 504, 366 A.2d 902 (1976). Further, this court may grant enforcement of a contract limited to specific geographic areas which are deemed necessary and reasonable to protect the employer. We specifically find that the counties covered by Janitor cleaning contracts are reasonable, and our failure to enforce the covenant with respect to any one of them, would not provide any reasonable protection to Janitor. Sitco Paper Company v. Aaron, 465 Pa. 586, 351 A.2d 250 (1976).

Finally, defendant argues that the enforcement of this covenant would work an undue hardship on him for the reason that he would be required to quit his job and obtain other employment in these troubled economic times. The court has great sympathy for the position of defendant. However, he entered

into an agreement with Janitor, the agreement is valid and enforceable, he received valuable consideration therefor, and for reason unbeknownst to the court, terminated his employment with Janitor. Further, the information which he received by working for Janitor, he has now used to the benefit of his new employer, and to the detriment of Janitor. If restrictive covenants have any vitality whatsoever, they have in cases such as this, and must be enforced.

Plaintiff has also made claims for damages and attorney's fees. With respect to damages, we specifically find that plaintiff has failed to carry his burden of proof, and show to this court, by a preponderance of the evidence, the precise amount by which he has been financially damaged. Accordingly, no award in damages is made.

With respect to attorney's fees, the court specifically finds that there were legitimate areas of real dispute which required resolution by this court. Under these circumstances the award of attorney's fees would be improper.

## CONCLUSIONS OF LAW

1. The covenant not to compete is contained in an employment contract properly executed by the parties hereto;

2. The covenant relates to a contract of employment;

3. The covenant is supported by adequate consideration;

4. The covenant is reasonably limited both geographically and in duration;

5. Employment with Bonded Maintenance Corporation as a salesman has placed Munson in direct competition with Janitor;

6. When Munson commenced employment with Bonded Maintenance Corporation as a salesman, he was in violation of the restrictive covenant in the contract of September 7, 1978;

7. Plaintiff's allegations are adequately supported by the facts and defendant's demurrer is denied;

8. Janitor has not borne his burden of proof with respect to damages alleged since October 23, 1982, the date of Munson's new employment;

9. The restrictive covenant is necessary to protect Janitor's customers against appropriation by former employees;

10. Enforcement of the covenant is reasonable and necessary to prevent irreparable harm to Janitor; and

11. Janitor has no adequate remedy at law.

## DECREE NISI

And now, this April 6, 1983, it is hereby ordered, adjudged and decreed that defendant be enjoined and otherwise restrained from engaging in work for an employer in direct competition to plaintiff herein, within the Counties of Erie, Crawford and Warren, in the State of Pennsylvania; the County of Chautauqua in the State of New York; and the County of Conneaut in the State of Ohio, until November 13, 1984.